OPINION OF THE COURT
Per Curiam.
The respondent has submitted an affidavit of resignation sworn to on January 13, 2013. He acknowledges in his affidavit that his resignation is freely and voluntarily tendered, that he is not being subjected to coercion or duress, that he is represented by counsel, and that he is fully aware of the implications of its submission.
The respondent acknowledges that he was served with the petition and the supplemental petition, which together contain 11 charges: charge 1 (engaging in self-dealing and fraud); charge 2 (knowingly making false and misleading statements to the Grievance Committee); charge 3 (failing to safeguard and properly account for funds entrusted to the respondent as a fiduciary); charge 4 (improperly failing to tender funds in the respondent’s possession as demanded by his client); charge 5 (improperly commingling funds the respondent received as a fiduciary with his personal funds); charge 6 (improperly making cash withdrawals from the respondent’s attorney escrow account); charge 7 (failing to maintain required records for the respondent’s attorney escrow account); charge 8 (engaging in an impermissible conflict of interest); charge 9 (converting funds entrusted to him as a fiduciary); charge 10 (failing to safeguard funds entrusted to him as a fiduciary); and charge 11 (engaging in conduct involving fraud, deceit, and dishonesty). He acknowledges that he cannot successfully defend himself on the merits against charges 3, and 5 through 11.
The respondent avers that, as of the date of his resignation, he will immediately cease accepting new cases and other legal matters, and will wind down his practice.
The respondent’s resignation is submitted subject to any application by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts for an order directing that he *347 make restitution and that he reimburse the Lawyers’ Fund for Client Protection pursuant to Judiciary Law § 90 (6-a) (a). He acknowledges the continuing jurisdiction of the Court to make such an order, which could be entered as a civil judgment against him pursuant to Judiciary Law § 90 (6-a) (d). He specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.
The Grievance Committee recommends that the Court accept the respondent’s resignation.
Inasmuch as the proffered resignation complies with the requirements of 22 NYCRR 691.9, it is accepted, the respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.
Eng, P.J., Mastro, Skelos, Dillon and Angiolillo, JJ., concur.
Ordered that the resignation of Fitzpatrick Neil St. Hill Dodson is accepted and directed to be filed; and it is further,
Ordered that pursuant to Judiciary Law § 90, effective immediately, Fitzpatrick Neil St. Hill Dodson is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
Ordered that Fitzpatrick Neil St. Hill Dodson shall comply with this Court’s rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,
Ordered that pursuant to Judiciary Law § 90, effective immediately, Fitzpatrick Neil St. Hill Dodson shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee or another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
Ordered that if Fitzpatrick Neil St. Hill Dodson has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).